# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| PIERRE STARKS, | ) |
|     Movant, | ) |
| v. | )    No. 4:09CV1120 CDP |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion will be summarily denied.

## Background

Movant pled guilty on three counts of conspiracy to distribute and distribution of cocaine, cocaine base, and marijuana. United States v. Starks, 4:06CR563 CDP (E.D. Mo.); United States v. Starks, 4:07CR184 ERW (E.D. Mo.).[1] Movant's guilty plea was pursuant to a plea agreement with the United States. In his plea agreement, movant waived his right to file a direct appeal and he waived his right to bring a motion for post-conviction relief, except for claims of prosecutorial misconduct or

---

[1] The Court entered a combined judgment for these two cases.

ineffective assistance of counsel. On September 21, 2007, the Court sentenced movant to 188 months' imprisonment.

On February 25, 2009, the United States Court of Appeals for the Eighth Circuit dismissed movant's direct appeals, finding that the appeals fell within the scope of the appeal wavier contained in the plea agreement.

On May 26, 2009, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced movant's prison term to 151 months.

In his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, movant argues that his sentence should be reduced based upon a case decided by the United States District Court for the Northern District of Iowa, <u>United States of America v. Gully</u>, 619 F. Supp. 2d. 633 (N.D. 2009), in which the Honorable Mark W. Bennett advocated for the use of a 1:1 crack-to-powder ratio as the appropriate sentencing methodology in crack cocaine cases. Movant contends that the use of a 1:1 ratio is within the discretion of the Court, and therefore, he should be resentenced to a term of imprisonment between 30 and 37 months.

**Standard**

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court is required to conduct an initial review of the motion. Upon review, the Court is required to summarily dismiss the motion "[i]f it plainly appears from the motion . . .

that the moving party is not entitled to relief . . ." Rule 4 of the Rules Governing § 2255 Proceedings.

Pursuant to 28 U.S.C. § 2255:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**Discussion**

Movant's § 2255 motion should be summarily denied for at least three reasons. First, he waived his right to bring the motion in his plea agreement. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (waiver of collateral attack rights enforceable). Second, the motion does not allege a cognizable basis for relief under § 2255. Third, Gully is not binding precedent and, even if it were, it does not provide a basis for relief under § 2255. As a result, the Court will summarily dismiss the motion.

Additionally, because movant has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of July, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE